IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK
and all other similarly situated Wisconsin
State Inmates and Citizens of Wisconsin,

                                                                   OPINION AND ORDER

Plaintiffs,

                                                                    12-cv-535-bbc

v.

GARY H. HAMBLIN, Secretary, his Wardens,
Superintendents, Agents, Designees, and any Successors,
WISCONSIN DEPARTMENT OF CORRECTIONS,
KATHRYN R. ANDERSON, HELEN E. KENNEBECK,
DANIEL A. WESTFIELD,
DIVISION OF ADULT INSTITUTIONS,
COREY BENDER, JODINE DEPPISCH,
KAREN GOURLIE, THOMAS J. GOZINSKE,
ANGELA HANSEN, CATHY A. JESS, FLOYD MITCHELL,
MOLLY S. OLSON, JAMES PARISI,
WELCOME F. ROSE, RENEE SCHUELER,
BUREAU OF HEALTH SERVICES,
DAVID BURNETT, JAMES LABELLE,
BUREAU OF OFFENDER CLASSIFICATION AND MOVEMENT,
MARK K. HEISE, ACCESS SECUREPAK,
DOUGLAS ALBRECHT, JACK L. MARCUS, INC.,
DEBRA WALTON, UNION SUPPLY DIRECT,
TOM THOMAS, WALKENHORST'S, DOUGLAS ALBRECHT,
WISCONSIN DEPARTMENT OF JUSTICE, VAN HOLLEN, J.B., and
DODGE COUNTY CIRCUIT COURT, et al,

                                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on November 2, 2012, I dismissed plaintiff Alan David McCormack's claim that defendants violated his due process rights by maintaining an

1

inadequate grievance system after I found that plaintiff's complaint violated Fed. R. Civ. P. 20. Dkt. #9. Now, plaintiff has filed a "motion to alter or amend the judgment," dkt. #14, and informed the court how he wants to proceed in response to the Rule 20 order. Dkts. #15-18. Plaintiff's motion to alter or amend the judgment is actually a motion to amend the complaint to include a new claim for the theft of his mail and to assert a new legal basis for his claim that defendants maintained an inadequate grievance procedure. I will deny this motion, because the retaliation claim is not properly joined in this lawsuit and his allegations fail to state a claim based on the grievance procedures. I will then sever the cases and assign them case numbers as plaintiff has requested.

### A. Motion to Alter or Amend the Complaint

1. Theft of mail

Plaintiff contends that an unknown defendant and defendant Renee Scheuler are retaliating against him for filing this lawsuit. Plaintiff mailed a copy of the complaint in this case to Citizens for Equal Justice so that they might distribute it to other prisoners. When Citizens for Equal Justice sent the copy back, an unknown staff member opened plaintiff's mail, saw the defendants' names on the complaint and delivered the mail to Scheuler. The copy of the complaint was never returned to plaintiff. Plaintiff contends that defendants stole his mail in retaliation for filing this lawsuit and in violation of 18 U.S.C. § 1708, which makes it a federal crime to steal mail or receive stolen mail.

As I explained to plaintiff in the order denying his motion for a stay, dkt. #13, when

a plaintiff alleges that the defendants have retaliated against him for bringing a lawsuit, it is the policy of this court to require the retaliation claim to be brought in a lawsuit separate from the one that allegedly provoked the retaliation. This prevents the complication of issues that can result from the accumulation in one action of claims that are distinct from on another, as they are in this instance. The events underlying plaintiff's lawsuit and his alleged retaliation for filing that lawsuit are not the same ones.

The court recognizes an exception to this policy against combining a claim for violation of a constitutional right with a claim that prison officials have retaliated against the plaintiff for raising the issue in court only where it appears that the alleged retaliation directly and physically impairs the plaintiff's ability to prosecute his lawsuit. Plaintiff has not alleged that the prison interfered with his ability to prosecute this lawsuit by intercepting a copy of the complaint. He could not make such an allegation because he has filed the complaint with the court and it is ready for screening.

Plaintiff should also know that he cannot bring this claim under 18 U.S.C. § 1708, which is a federal criminal statute that does not include a private right of action. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (private citizens lack judicially cognizable interest in prosecution of another person or entity); Chapa v. Adams, 168 F.3d 1036, 1037-38 (7th Cir. 1999) (noting Supreme Court's reluctance to imply private rights of actions from criminal laws). See also Adams v. Ellis, 197 F.2d 483, 485 (5th Cir. 1952) (18 U.S.C. § 1708 does not apply to prison authorities, who have right to censor prisoners' mail).

3

2. <u>Inmate complaint review system</u>

Next, plaintiff seeks to amend his complaint to add a claim that defendants violated Wis. Admin. Code § 310, which he argues this court has authority to enforce under the Rules of Decision Act, 28 U.S.C. § 1652. However, as I explained to plaintiff recently in a December 12 order in n another case he had filed in this court, <u>McCormack v. Wright</u>, 12-cv-483-bbc, dkt. #16, the Rules of Decision Act is not an independent source of federal court jurisdiction. The Act does not give federal courts a general power to enforce state laws. Rather, it instructs a federal court when to apply state or federal law in a civil claim over which the court already has jurisdiction for some other reason, such as when the parties are from different states and the court can exercise diversity jurisdiction over them under 28 U.S.C. § 1332. <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938). Because this court lacks jurisdiction over plaintiff's claim that defendants' grievance procedures violate state law, his motion to amend the complaint will be denied as futile. <u>Foster v. DeLuca</u>, 545 F.3d 582, 584 (7th Cir. 2008) ("[A] district court may deny a motion to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss.") (internal quotations omitted).

B. <u>Severance</u>

In the Rule 20 order entered on November 2, dkt. #9, I concluded that plaintiff's complaint contained the following four lawsuits:

4

Lawsuit #1:

(a)     Defendants the Wisconsin Department of Corrections, the Division of Adult Institutions, Gary Hamblin, Kathryn Anderson and Daniel Westfield violated federal and state anti-trust, unfair competition and anti-corruption statutes by requiring defendants Access Securepak, J.L. Marcus, Inc., Union Supply Direct and Walkenhorst's to include a hidden 10% kickback and 5% sales tax in the prices in their "Canteen Catalog" and then also charging 5% state sales tax on purchases by prisoners.

(b)     Defendants Thomas Gozinske, Reee Schueler, Karen Gourlie, Welcome F. Rose and the Office of the Secretary were "knowledgeable" or were "notified of, and aware of, these ongoing outlawry activities," but failed to take any actions to correct them.

(c)     Defendants Wisconsin Department of Justice and J.B. Van Hollen violated 42 U.S.C. § 1986 by failing to exercise control or oversight over the Department of Corrections *with respect to the kickback conspiracy.*

Lawsuit #2:

(a)     Defendants Department of Corrections, Division of Adult Institutions and Hamblin are refusing to comply with Wis. Stat. §§ 304.02, 301.055, 301.048, and 301.046, which relate to population limits and parole, in order to cause artificial prison overcrowding.

(b)     The Department of Corrections, the Division of Adult Institutions and Hamblin suspended all published guidelines accessible to state inmates, including Custody Classifications and Risk Ratings, preventing inmates from progressing through the prison system, causing unequal treatment for similar progress by different inmates and making it easier for prison officials to manipulate parole decisions.

(c)     Defendants Department of Corrections, Division of Adult Institutions, Hamblin and the Bureau of Health Services secretly approved an Infection Control Program that permits prisons to place sick inmates with infectious diseases in double or triple cells with healthy inmates and permits sick inmates to handle meals for the general population.

(d)     Defendants Department of Corrections and Division of Adult Institutions run the state's prison disciplinary process in ways that violate prisoners'

5

constitutional rights, such as by withholding exculpatory evidence, not appointing independent advocates or not taping hearings.

Lawsuit #3:

(a) Defendants Department of Corrections, Division of Adult Institutions and Hamblin are refusing to comply with Wis. Stat. §§ 304.02, 301.055, 301.048, and 301.046, which relate to population limits and parole, in order to cause artificial prison overcrowding.

(b) The Department of Corrections, Division of Adult Institutions and Hamblin suspended all published guidelines accessible to state inmates, including Custody Classifications and Risk Ratings, preventing inmates from progressing through the prison system, causing unequal treatment for similar progress by different inmates and enabling prison officials to manipulate parole decisions.

(c) Defendant Bureau of Offender Classification and Movement and Mark Heise are intentionally withholding decisions on recommendations from the Program Review Committee "for months, generally until 2 to 3 weeks before that State inmates next Parole or PRC hearing" and appeals from decisions made by Heise are reviewed only by his subordinates.

(d) Defendants Bureau of Offender Classification and Movement, Mark Heise and Corey Bender retaliated against plaintiff for filing a petition for supervisory writ with the Wisconsin Supreme Court about Heise's handling of the parole system by (1) rejecting the Parole Commission's repeated recommendations that plaintiff be transferred to minimum custody and (2) conspiring to falsify the records from plaintiff's Parole Review Commission hearing (by not taping hearings, by falsifying the written records of the hearing and denying plaintiff's open records requests).

(e) Defendants Angela Hansen, James Parisi, Molly Olson, Floyd Mitchell, Jodine Deppisch, Hamblin, Cathy Jess, Schueler, Gourlie, Rose and Anderson participated in Heise's retaliation by considering the appeal from Heise's decisions or reviewing complaint filed by plaintiff.

(f) Defendants Wisconsin Department of Justice and J.B. Van Hollen violated 42 U.S.C. § 1986 by failing to exercise control or oversight over the Department of Corrections *with respect to the retaliation.*

(f) Defendant Dodge County Circuit Court dismissed plaintiff's petition for writ

6

    of habeas corpus, which was based on defendant Heise's retaliatory decision not to approve plaintiff's parole recommendations. The court made its decision without reading the petition and in reliance on misrepresentations made by defendant Helen Kennebeck during ex parte communications.

(g) Defendants Department of Corrections and Division of Adult Institutions run the state's prison disciplinary process in ways that violate prisoners' constitutional rights, such as by withholding exculpatory evidence, not appointing independent advocates or not taping hearings.

(h) Wis. Stat. § 302.114, entitled Petition for Release and Release to Extended Supervision, violates the equal protection clause of the Fourteenth Amendment because it treats offenders sentenced to life imprisonment after December 31, 1999 differently from those sentenced before that date.

<u>Lawsuit #4:</u>

(a) Defendants Bureau of Health Services, David Burnett and James LaBelle violated plaintiff's rights under the Eighth Amendment by denying him surgery for his umbilical hernia without performing any examination and in contradiction to the recommendations of an "attending physician."

(b) Defendants Schueler, Gourlie and Rose denied plaintiff's inmate complaints regarding the hernia without performing adequate investigation.

  I instructed plaintiff to choose one of these lawsuits to proceed as case no. 12-cv-535-bbc and to inform the court which, if any, of the remaining lawsuits he wanted to pursue under separate case numbers. I also warned plaintiff that if he chose to pursue the other lawsuits under separate case numbers, he would have to pay a separate filing fee for each, as required under 28 U.S.C. § 1915(b)(1), and he would face separate strikes if the lawsuits were dismissed.

  Plaintiff has advised the court that he wants to pursue Lawsuit #3 as case no. 12-cv-535-bbc and to file the remaining three lawsuits as separate cases. After beginning screening

of plaintiff's claims, I realized that the claims which I grouped as Lawsuits #2 and Lawsuit #3 may be brought in the same action. The additional defendant in Lawsuit #2 that would otherwise prevent joinder was the Bureau of Health Services, which is not a suable entity and will have to be dismissed. Because plaintiff has made an initial partial payment for case no. 12-cv-535-bbc, the claims that make up Lawsuits #2 and Lawsuit #3 are ready for screening, which I will do in a separate order.

I will also direct the clerk of court to assign case no. 12-cv-924-bbc to Lawsuit #1 and case no. 12-cv-925-bbc to Lawsuit #4. Because plaintiff asks for leave to proceed in forma pauperis and is a prisoner subject to the 1996 Prison Litigation Reform Act, he must make an initial partial payment of the filing fee for each of these cases.

Plaintiff has submitted an updated Prisoner Trust Fund Account Statement. Dkt. #19. Twenty percent of the average monthly balance shown on that statement is $14.35 and 20% of the average monthly deposits made to his account is $8.33. Because the greater of the two amounts is 20% of the average monthly balance, or $14.35, plaintiff will be assessed that amount as an initial partial payment of the filing fee for each of his two new cases.

ORDER

IT IS ORDERED that

1. Plaintiff Alan David McCormack's motion to amend or alter the judgment, dkt. #14, is DENIED.

2. This case is SEVERED in accordance with Fed. R. Civ. P. 20.

3. The claims listed under Lawsuit #3 will proceed as case no. 12-cv-535-bbc.

4. The claims listed under Lawsuit #1 will proceed as case no. 12-cv-924-bbc.

5. The claims listed under Lawsuit #4 will proceed as case no. 12-cv-925-bbc.

6. Plaintiff is assessed $14.35 as an initial partial payment of the $350 filing fee for each of cases no. 12-cv-924-bbc and 12-cv-925-bbc. He is to submit a check or money order made payable to the clerk of court in the amount of $14.35 for each of these cases on or before January 9, 2012. If, by January 9, 2012, plaintiff fails to make the initial partial payment for any of these cases or show cause for his failure to do so, he will be held to have withdrawn the action voluntarily. In that event, the clerk of court is directed to close that file without prejudice to plaintiff's filing his case at a later date.

Entered this 21st day of December, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge